## SERIO et ux. v. ORLEANS ICE MFG. CO., Inc.*

### No. 14273.

Court of Appeal of Louisiana. Orleans.

May 22, 1933.

J. A. Morales, of New Orleans, for appellants.

Pomes & McCabe, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a father and mother for compensation for the death of their son. All *essential facts, with the exception of the* dependency of deceased's parents, are admitted and upon that issue the court, a quo, rendered judgment dismissing plaintiffs' suit.

Joseph Serio and his wife, plaintiffs, Mrs. Carrilles, their married daughter, Mr. Carrilles, their son-in-law, and Anthony Serio, their son, all testified to the same effect. They declared that the deceased, Joseph Serio, Jr., was paid $22.50 per week by his employer, defendant herein; that he gave the entire amount to his mother every week; and that she returned to him $2 each week for spending money.

The succession of the deceased, Joseph Serio, Jr., was opened in the civil district court, and it appeared that he died possessed of a credit on the books of the American Homestead Association of $770.57 and a deposit in the Whitney Trust & Savings Bank of $741.17. The records of these institutions indicated that this money had been accumulated in a space of about two years just prior to his death. Joseph Serio, the father, was shown to have a credit in the same homestead of about $2,000. In explanation of the relatively large savings of the deceased, his family stated that the savings were not made from his earnings, but represented his winnings in gambling ventures which he had undertaken with the small capital of $2 per week advanced by his mother.

The possession of $1,400 by the deceased and $2,000 by the parent accumulated during the space of two years would not, in itself, be of importance in determining the question of dependency, but evidently the trial judge believed it discredited the testimony of deceased's family to the effect that he gave all of his salary with the exception of $2 per week to his mother. The conclusion is irresistible that the learned judge, a quo, did not believe plaintiffs and their witnesses, because he rendered judgment against plaintiffs in spite of the fact that the evidence, if believed, would establish a perfect case of dependency. The circumstances are suspicious and the explanation given of the savings of deceased as having been accomplished through gambling ventures upon the meager capital of $2 per week most improbable.

The credibility of the witnesses being the all-important factor in this case, we feel that the judgment of the trial court should not be disturbed in view of the unsatisfactory character of the preponderating testimony.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.